IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
---

BRANDON A. MENTCH,

                Plaintiff,                  OPINION AND ORDER

  v.

                                            25-cv-832-wmc

K. GARCEAU, SGT. ROCHA, SGT. TRIMBEL,
and UNIT MANAGER BLOUNT,

                Defendants.
---

      Plaintiff Brandon Mentch, who represents himself, has filed a complaint under 42 U.S.C. § 1983, against the warden and three correctional officers at Columbia Correctional Institution, where he was previously incarcerated. (Dkt. #1.) Plaintiff has also filed four, short documents with additional allegations in support of his claims (dkt. ##7, 13-14, and 16), which the court will construe as supplements to his complaint, as well as a motion to submit a letter from a fellow inmate in support of his claims (dkt. #15), which will be denied as premature. Because plaintiff seeks to proceed without prepayment of the entire filing fee, the next step is to screen his complaint and supplements and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). The court accepts plaintiff's allegations as true and construes them generously, holding his pro se complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). For the following reasons, the court concludes that plaintiff's current allegations fail to state a claim upon which relief can be granted, but he will be given a brief opportunity to amend his complaint as outlined below.

OPINION

In his initial complaint, plaintiff alleges that while he was incarcerated at Columbia Correctional Institution in 2025, staff failed to provide him with the following items: (1) on June 14, June 30, and July 26, 2025, defendant Sergeant America Rocha failed to give him his medication;[1] (2) on 12 different occasions in June, July, and August 2025, defendant Rocha, and Sergeant Krueger, whom plaintiff identifies in a supplement to his complaint (dkt. #7), had no clean sheets to give him because the laundry room had run out of them; (3) on 11 occasions between June and October 2025, defendant Sergeant Shelly Trimble did not provide him with the razors he had paid for; and (4) he has been deprived of cleaning supplies to clean his cell. Plaintiff further alleges that he notified defendants Unit Manager Blount and Warden K. Garceau of these issues, but they did nothing to remedy the situation. Finally, in his most-recently-filed supplement (dkt. #16), plaintiff refers to a broken shower, but he provides no further details about what happened, so it is unclear if he faults these defendants for that issue as well.

Plaintiff's allegations generally implicate the Eighth Amendment, which prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs, *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976), and requires prison officials to "provide humane conditions of confinement," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Prison conditions violate the Eighth Amendment only when they are so serious that they result in the denial of "the minimal civilized measure of life's necessities," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), or "exceeded contemporary bounds of decency of a mature, civilized society," *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th

---

[1] Plaintiff does not identify what medication he was denied, but documents attached to a later-filed supplement (dkt. #13) show that they may be related to diabetes and pain relief.

Cir. 1994). However, as currently pleaded, the complaint and supplements fail to give defendants sufficient notice of exactly what happened; what harm, if any, resulted; and in the case of the cleaning supplies and broken shower, when the incidents occurred and who was involved. *See* Fed. R. Civ. P. 8(a)(2) (a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief"). For example, plaintiff does not say what medication defendant Rocha failed to give plaintiff or what effects plaintiff suffered as a result; why defendant Rocha failed to give him clean sheets and defendant Trimble did not give him his razors, and how those alleged actions harmed him; and the who, what, when, and why of him being denied cleaning supplies and a working shower. Given this lack of information, the court cannot draw the inference that any of these defendants violated plaintiff's rights under the Eighth Amendment.

Even so, the Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving them the chance to amend the complaint. *Felton v. City of Chi.*, 827 F.3d 632, 636 (7th Cir. 2016). Accordingly, plaintiff may have a brief, one-month window of time to submit a proposed amended complaint that includes all of his allegations in one document, corrects the deficiencies described above, and sets forth a cognizable federal claim that can be adjudicated by this court. Plaintiff should draft any amended complaint as if he was telling a story to someone who knows nothing about the events at hand, focusing on: providing a timeline of the material events; identifying the specific defendants who are being sued; describing the specific, personal actions by each defendant that plaintiff believes constitute a violation of the Eighth Amendment; and explaining how he was harmed, if at all, by defendants' actions. In doing so, plaintiff should be mindful that while multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2).

A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Should plaintiff timely submit a proposed, amended complaint, the court will screen it and determine whether this case may proceed further. Failure to do so within 30 days will result in dismissal of his claims with prejudice for his failure to prosecute them.

## ORDER

IT IS ORDERED that:

1. The complaint and supplements (dkt. ##1, 7, 13-14, and 16) filed by plaintiff Brandon Mentch are DISMISSED without prejudice for failure to satisfy the requirements of Federal Rule of Civil Procedure 8.

2. Plaintiff's motion to submit an inmate letter (dkt. #15) is DENIED.

3. Plaintiff has until March 2, 2026, to file an amended complaint that contains all of his allegations in one document and corrects the deficiencies described above. Plaintiff's failure to file an amended complaint by that deadline will cause the court to dismiss his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 29th day of January, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge